SAMUEL HURLBUT *vs.* WILLIAM H. PHELPS AND ANOTHER.

The petitioner was indebted in the sum of $28,000 to the firm of *S & L*, of whom *L* was the petitioner's father, and *S* his uncle. *L* died, leaving a widow and several children. *S* died soon after, having lived unmarried in the family of *L*. The partners had lived upon a common fund, and their joint property, amounting to $200,000, had never been divided. After the death of *L*, an agreement in writing was entered into by *S*, the widow of *L*, and all the children of *L*, in-

cluding the petitioner, the object of which was stated to be the settlement of the partnership affairs, and which, after providing for an equal division of all debts due the late firm and a discharge by the heirs of all claim on the estate of *L*, or on *S* individually, contained the following clause—" and the said *S* hereby discharges all debts which he has against each of said heirs." This agreement was not under seal. The petitioner soon after paid over to the estate of *L* one-half of the above debt and retained the balance which he regarded as released by *S*. He owed *S* no other debt. After the death of *S* his administrators brought an action at law against the petitioner, to recover the $14,000 due to *S* as his share of the debt. On a bill in equity brought by the petitioner to obtain an injunction against the prosecution of the suit, it was held, 1. That the agreement was to be regarded as in equity a discharge by *S* of his share of the $28,000 due from the petitioner to the firm. 2. That it was founded on a valuable consideration, and, if not, would be sustained as a family settlement. 3. That not being under seal, it did not constitute a technical discharge, and therefore did not furnish such a clear and adequate remedy at law as to make the interference of a court of chancery improper.

BILL in equity, for an injunction against the prosecution of an action at law. The facts were found by a committee.

The respondents were administrators, with the will annexed, of the estate of Samuel Hurlbut, who died on the 22d day of October, 1857. Samuel and Lemuel Hurlbut, who were brothers, had, until the death of Lemuel, which occurred in February, 1856, been partners in business for more than forty years, in the town of Winchester in this state, and had accumulated a partnership estate of about $200,000. Samuel was never married, but lived in the family of Lemuel, and continued to do so after the death of Lemuel, until a short time before his own death. The petitioner was the son of Lemuel, and was named after his uncle Samuel, and was always the favorite nephew of his uncle. About the year 1838 the petitioner was sent by the firm to the city of Baltimore, and established there as a merchant, the principal object then being that he should act as their consignee of cheese and other articles of merchandise, and he did thus act up to the time of the death of Lemuel, and at the same time carried on business on his own account. During this time funds belonging to the firm accumulated and were suffered to remain in his hands, to do business with on his own account, without any charge for interest. His account with the firm was always an open

one, but the petitioner from time to time when requested rendered his account, the last rendered prior to the death of either of the partners being on the 1st of August, 1855, and showing a balance to the firm at that date of $35,637.16. After the death of Lemuel, Samuel Hurlbut, as surviving partner, had the sole charge of the business of the firm, and at his request the petitioner, on the 20th of March, 1857, rendered his account, showing a balance due from him to the firm of $28,720.83. Samuel, after the death of Lemuel, on several occasions in the year 1856, and in the spring of 1857, told the petitioner that he should never claim of him his share of the debt which the petitioner owed the firm, and that he had given it to him. He also told others that he had given the petitioner his share of the debt and should never call on him for it, and the committee found that he did by parol give the petitioner all his interest in the debt.

Upon the death of Lemuel, it became necessary to close up the business of the partnership, and to make a division of the property. During the long continuance of the firm there had been no settlement between the partners, and most of their property was either held in partnership or in common. For the purpose of effecting a division and settlement, Samuel Hurlbut, the survivor, and the widow and children of Lemuel, including the petitioner, on the 15th day of September, 1856, entered into the following written agreement :—

"Whereas Samuel Hurlbut, of Winchester, and Lemuel Hurlbut, late of said Winchester deceased, have for a long term of years been partners in business, and were owners of real and personal estate in common, and had debts due to them on book, by notes and otherwise ;—now for the purpose of making a just and honorable settlement, which shall be fair towards all the parties hereto, it is mutually agreed that all the estate, real and personal, and all debts due to the late firm of S. & L. Hurlbut, which were held by them, or in any way belonged to them, at the time of said Lemuel's decease, whether as partners or tenants in common, or otherwise, shall be equally divided between the said Samuel and the estate of the said Lemuel, the said Samuel taking one half and the said estate

the other half thereof; and it is further understood, that for the purpose of enabling the parties hereto to complete said division pursuant to this arrangement, the said Samuel is to make a full statement of the character and amount of said property by the first day of October next, or as soon thereafter as the same can be conveniently done ; and it is further understood that such a division is to be a full and final settlement between the said Samuel and the said estate, and that the personal accounts between the said Samuel and Lemuel are to be treated as balancing each other, meaning and intending to treat the property of the late firm of S. & L. Hurlbut as belonging equally to the said partners, without accountability to each other for individual expenses. It is further understood that no debt is to be presented by any of the heirs against the estate of said Lemuel, and all debts in their favor against him, the said Samuel, are hereby discharged, and the said Samuel hereby discharges all debts which he has against each of said heirs. It is further agreed that all debts and dues from the late firm of S. & L. Hurlbut to other persons, shall be first paid out of the whole property, before the proposed division is made. Dated at Winchester, the 15th day of September, 1856."

At the time of the execution of this agreement Samuel Hurlbut had no claim against the petitioner except such as resulted from his interest in the claim of the firm against him. In March, 1857, the petitioner, with the knowledge of Samuel, paid over to the estate of Lemuel one-half of the amount due from him to the firm, ($14,360.41,) and the other half appropriated as his own in his private business, regarding it as his own by virtue of the gift from Samuel.

After the death of Samuel an open account against the petitioner was found entered upon the book of the former in his own hand writing, containing, besides a few small charges, all dated after the 15th of September, 1856, the following item :—

"1857. May 1st, To half of account rendered March 20th, '57 by Samuel H., Jr.,—amount, $28,720.83,     $14,360.41."

At what time the charge was made did not appear, except

so far as the date furnished evidence, and the petitioner had no knowledge of the charge until after the death of Samuel, when the same was shown to him by the respondents, his administrators. Samuel Hurlbut left a will, by which he bequeathed the sum of $15,000 in legacies, leaving the balance of his estate undisposed of. The respondents were appointed his administrators with the will annexed, and as such had commenced an action at law against the petitioner, to recover of him the unpaid half of the partnership claim, which action was now pending before the superior court for Litchfield county.

Upon these facts the case was reserved for the advice of this court.

*G. C. Woodruff* and *Goodwin*, with whom were *Hall* and *G. M. Woodruff*, for the petitioner.

1. There was a valid gift of the debt by Samuel Hurlbut to the petitioner. It is found by the committee that he did in fact give the petitioner by parol all his interest in the partnership claim upon him. This fact being found, the only question is whether the gift by parol was a valid one. The only ground on which it can be claimed that it was not so, is that there was not such a delivery as the law requires. But a delivery is not in all cases essential to a parol gift *inter vivos;* all that is required is such a delivery as the subject-matter admits of. Where the donee has already the possession and control of the thing given, a formal delivery is not essential, and ordinarily can not be made. The acceptance of the gift by the donee is equivalent to a delivery. *London & Brighton Railway Co.* v. *Fairclough*, 2 Mann. & Grang., 691, note. *Lunn* v. *Thornton*, 1 Mann. Grang. & Scott, 381, note. *Flory* v. *Denny*, 7 Exch., 583. 2 Taylor on Ev., § 894. *Ryall* v. *Rolle*, 1 Atk., 177. 2 Story Eq. Jur., § 1047. *Elliott* v. *Davenport*, 2 Vern., 521. *Attorney Gen.* v. *Buller*, 5 Ves., 340. *Spafford* v. *Page*, 15 Verm., 490.

2. This parol gift was an equitable extinguishment of the debt, to which a court of equity will give effect by enjoining the respondents against collecting the debt. 2 Story Eq. Jur., §§ 705 *a*, 706. *Sibthrop* v. *Moxen*, 3 Atk., 580. *Gilbert* v.

*Wetherell*, 2 Sim. & Stu., 254. *Major* v. *Major*, 19 Eng. L. & Eq., 106. *Linthicum* v. *Linthicum*, 2 Maryl. Cha. Dec., 21.

3. The writing of Sept. 15, 1856, is an equitable discharge of the debt, though not being under seal it is not a discharge at law. It should be held to operate as an extinguishment of the debt for the same reasons urged for holding the parol gift to operate as such extinguishment; and for the further reason that the legal title to the debt having vested by survivorship in Samuel Hurlbut Sr., he alone had power to receive or discharge it, and there was no private debt on which it could operate. *Emerson* v. *Knower*, 8 Pick., 63. *Hyde* v. *Baldwin*, 17 id., 307. *Major* v. *Major*, 19 Eng. L. & Eq., 106.

4. There is not adequate remedy at law. The gift can not be pleaded; no such defense is known at law. And the discharge not being under seal can not be pleaded as a discharge at law. 2 Swift Dig., (Rev. ed.) 645. *Crawford* v. *Millspaugh*, 13 Johns., 87. *Seymour* v. *Minturn*, 17 Johns., 169. *Shaw* v. *Pratt*, 22 Pick., 305. *Tucker* v. *Baldwin*, 13 Conn., 136. To oust a court of equity of its jurisdiction the remedy at law must be clear and complete. *New London Bank* v. *Lee*, 11 Conn., 112. *Chipman* v. *City of Hartford*, 21 id., 498. Besides the objection is taken too late. *Chipman* v. *City of Hartford*, supra. *Grandin* v. *Le Roy*, 2 Paige, 509. *Underhill* v. *Van Cortlandt*, 2 Johns. Cha., 339, 369. *Livingston* v. *Livingston*, 4 id., 287. *Clark* v. *Flint*, 22 Pick., 231. *Raynam* v. *Trustees &c.*, 23 id., 231. *Mass. Gen. Hospital* v. *State Mut. Life Assurance Co.*, 4 Gray, 227.

*Hubbard* and *C. Chapman*, with whom were *Hitchcock* and *Ransom*, for the respondents.

1. There was no valid gift of the debt to the petitioner. A mere parol gift without delivery is not valid. Here was no delivery either actual or symbolical. No credit was entered on the book, and no entry to the effect that the debt was not to be collected. The account stands on the book open and unbalanced, and if an acceptance of the gift would have been sufficient, as claimed, yet there is no finding that the gift was ever accepted. *Harris* v. *Clark*, 2 Barb., 99. *Dole* v. *Lin-*

*coln*, 31 Maine, 422. *Raymond* v. *Sellick*, 10 Conn., 480. *Brown* v. *Brown*, 18 id., 410. *Byrn* v. *Godfrey*, 4 Ves. Jr., 7. *Moore* v. *Darton*, 7 Eng. L. & Eq., 134. Addison on Cont., 1072.

2. The writing of Sept. 15, 1856, did not discharge the debt. If intended as a discharge of any portion of the $28,000 it was a discharge of the whole, as the legal title to the whole was vested by survivorship in Samuel Hurlbut and there is nothing to show that half the debt was intended. That it was not intended to discharge the whole is evident from the fact that the petitioner afterwards paid half the debt to Lemuel's estate. That estate being in course of settlement it was necessary that its share of the debt should be paid, while Samuel was not in want of his share. This shows why the petitioner paid half and not the whole. The clause in question was intended merely as a mutual discharge, between the partners and those representing them, of debts due from the one to the other. Its object is stated in the instrument itself to be, to make a just and honorable settlement of the *partnership affairs*.

3. If there was either a valid gift of the debt to the petitioner, or a valid discharge of it by the clause in the instrument, then the petitioner has adequate remedy at law, as either of these facts could be pleaded in bar of the suit. It is not necessary in this state that a discharge of a debt to be pleadable in bar must be under seal. A mere receipt in full may with us be so pleaded. *Tucker* v. *Baldwin*, 13 Conn., 136. If therefore the debt is in fact extinguished, by either the gift or the discharge, the petitioner can avail himself of the fact in his defense at law. This being so a court of equity has no jurisdiction. *Miller* v. *Welles*, 23 Conn., 21. *Smith* v. *Lawrence*, 26 id., 479. *Munson* v. *Munson*, 28 id., 582. It is not too late to take this objection. A court never acquires jurisdiction by mere assent of the parties. The statute by its very terms denies jurisdiction to a court of equity where there is remedy at law.

ELLSWORTH, J. Several interesting questions have arisen

in the argument of this case, which we have not thought it necessary to decide, and which we ought not to decide without a careful examination of the cases cited and the reasons upon which they are founded. We prefer to rest our determination of the case simply upon the force and effect of the writing executed by most of these parties, on the 15th day of September, 1856, which is based upon a good pecuniary and meritorious consideration. In the construction of this writing we are fully agreed, and are equally satisfied that the cause is one which properly addresses itself to a court of equity.

It appears that for more than forty years Samuel Hurlbut, uncle of the petitioner, and Lemuel Hurlbut his father, were in partnership in business in the town of Winchester, and accumulated a large partnership estate, amounting to about two hundred thousand dollars, and that their mutual accounts had never been settled or their property divided, each having taken freely from the common fund, living as they did in one family, one of them being married and having children, and the other remaining single.

As a part of this joint property, there was a debt of about $28,000 due from the petitioner to the co-partnership; one half of which the petitioner had, before bringing this petition, paid over to the estate of his deceased father. Lemuel having died in 1857, leaving his brother Samuel living, the latter, with the widow and heirs of Lemuel, for the purpose of settling the partnership business as between the partners and dividing the joint estate, and more especially to avoid litigation, delay or difficulty, united in the execution of the written agreement already mentioned.

This writing, which is claimed by the petitioner to have discharged that portion of his indebtedness to the late firm which on a division between the partners fell to Samuel Hurlbut, is, as we view it, appropriate to that end, is clear in its import, and rests on a good and valuable consideration ; and it must be held as putting an end to the petitioner's indebtedness to Samuel Hurlbut, whether he is viewed as holding the legal title to the whole debt, or the equitable interest in one-half. The clause in question is as follows :—" And said Samuel

hereby discharges all debts which he has against *each* of said heirs." We have no hesitation in saying that the construction which we give the clause is the just one, and that the writing is in effect a remission of the moiety of the debt in question. The correctness of this construction too is made more clear by the fact that the petitioner owed his uncle no other debt but this. Even if this settlement was not founded on a good pecuniary consideration, as it certainly is, it might be viewed as a family settlement, and as such it should be sustained and upheld in a court of equity ; and viewed in that character if one part of it is good every other part is equally so, as there is the same general consideration for the whole.

But it is said that if we hold that the petitioner is released from the debt, there is a good defense to the action at law in the superior court, and for that reason a court of equity should not interfere by injunction. This may possibly be so. A plea could perhaps be so framed in that action, as to present this discharge as a sufficient answer to the plaintiff's declaration ; still the writing is not a technical discharge, as we held in the case of *Baldwin* v. *Carter*, 17 Conn., 201, and we think that the remedy is not so clear, certain and adequate, as that, in the exercise of a sound discretion, we ought on that account to dismiss the bill and hand the case over for further litigation elsewhere. Nor, since this writing is what it is, would such a course be of the least benefit to the respondents. The effect of the writing is a question of law and not of fact, and a trial by jury or in a court of law would not enable the administrators to escape the legal construction which the court in any case will give it, and they therefore can not recover any better in one court than in another.

We advise the superior court to issue the injunction prayed for.

In this opinion the other judges concurred.