## SIDNEY H. BARRETT v. HENRY C. CARDEN.

WINDHAM COUNTY, 1893.

Before:   Ross, CH. J., TAFT, ROWELL AND START, JJ.

*Bond not to object to will.    Consideration.    Public policy.*

1.   No consideration for a bond under seal need be alleged.

2.   A declaration counting upon a bond from the defendant to the
     plaintiff not to contest the probate nor waive the provisions
     of the will of C., and alleging a breach of the conditions,
     need not aver the relative interests of the plaintiff and de-
     fendant in the will.

3.   Such an agreement is not void as against public policy.

Debt upon bond.    Heard at the the September term, 1892,
upon general demurrer to the declaration, MUNSON, J., pre-
siding.    Demurrer overruled.    The defendant excepts.

The declaration, after stating the execution of the bond, was as follows:

" Which said writing obligatory is subject to the following conditions, that the said defendant shall abide by and accept the provisions of the last will and testament of one Abigail L. Carden, of said Dummerston, made on the 30th of April, 1891, and make no opposition to the probate and establishment thereof as the last will of said Abigail L., and shall not waive the same or make or cause to be made any trouble or expense to the said plaintiff in respect to any bequest or legacy made or given to him, then said obligation to be void, otherwise to remain in full force and effect. And the plaintiff avers that said defendant has broken and disregarded his said obligations. That the said Abigail L. Carden deceased in the summer of 1891 ; that said will was duly probated by the probate court for the district of Marlboro on, to wit, the 25th of July, A. D. 1891, and that on, to wit, the 11th day of February, A. D. 1892, the said defendant waived the provisions of said will and filed on the day and year last aforesaid, in the probate court aforesaid, a waiver in writing of said will, and asserted a claim to his interest and rights in the estate of said Abigail L., the same as if said will had not been made and probated, whereby the devise and legacy in said will to said plaintiff became of no value to him, the said plaintiff."

*Waterman, Martin & Hitt* for the defendant.

The declaration is too indefinite. *Hibbs* v. *Western Land Co. (Iowa)* 46 N. W. 1,119 ; *State* v. *Purcell*, 31 W. Va. 44.

There was no consideration. *Drake* v. *Launing,* (N. J.) 24 Atl. Rep. 378 ; *Dorsey* v. *Packwood*, 12 How. 126.

*Haskins & Stoddard* for the plaintiff.

The opinion of the court was delivered by

START, J. It is claimed that the declaration does not show a cause of action. It sets forth a bond with its condition and a breach thereof. The bond is under seal and im-

ports a consideration and it is not necessary to state the consideration that induced its execution. The defendant cannot be heard to say that it is without consideration. Chitty on Pleadings, vol. 1, p. 366; Chitty on contracts, p. 4.

It was not necessary to allege that a will was made by Abigail L. Carden, or that the plaintiff was a beneficiary under it, or that the defendant had a right to waive it. The defendant obligated himself to abide by, accept of and not waive the provisions of the last will of Abigail L. Carden, made on the 30th day of April, 1891. The declaration alleges that Abigail L. Carden deceased in the summer of 1891; that her said will was duly probated on the 25th day of July, 1891, and that on the 11th day of February, 1892, the defendant waived its provisions. From these allegations the condition and breach of the bond sufficiently appear without setting forth the defendant's right to waive the provisions of the will or the plaintiff's rights under it. The defendant's undertaking was to accept of, and not waive its provisions. The question of whether he had a right to waive it is immaterial. He has done so and thereby subjected himself to an action on the bond for a breach of its express condition. The extent of the plaintiff's interest in the estate under the will or otherwise is material only upon the measure of damages, and this question is not now before us. The defendant had a right to give and the plaintiff to take the bond; the performance of its condition is in no way dependent upon the plaintiff's interest in the estate, and for a breach thereof the plaintiff is entitled to recover at least nominal damages.

The defendant insists that the alleged undertaking of the defendant is contrary to public policy, and that for this reason the bond should be declared void. Courts will not declare contracts void on grounds of public policy except in cases free from doubt, and prejudice to the public interest must clearly appear before a court is justified in pronouncing

an instrument void on this account. In *Richmond* v. *Dubuque R. R. Co.*, 26 Iowa 191, it is said, " that the power of courts to declare a contract void for being in contravention of sound public policy is a very delicate and undefined power, and like the power to declare a statute unconstitutional, should be exercised only in cases free from doubt." In *Mellayne* v. *Larkin*, 3 Penn. 123 (56 Am. Dec. 164,) Howe, J., said, " He is the safest magistrate who is more watchful over the rights of the individual than over the convenience of the public, as that is the best government which guards more vigilantly the freedom of the subject than the rights of the State." In *Richardson* v. *Mellish*, 2 Bing. 229, (9 Eng. Com. L. 557,) Sir James Burrough said : " I protest as my lord has done against urging too strongly upon public policy ; it is a very unruly horse, and when once you get astride it you never know where it will carry you. It may lead you from the sound law. It is never urged at all but when other points fail." In *Walsh* v. *Fussell*, 6 Bing. 169, (19 Eng. Com. L. 83,) Lord Chief Justice Tindale, in pronouncing judgment, said : " It is not contended that the covenant was illegal on the ground of the breach of any direct rule of law or the direct violation of any statute, and we think to hold it to be void on the ground of its impolicy or inconvenience, we ought to be clearly satisfied that the performance of it would be necessarily attended with injury or inconvenience to the public."

This case is distinguishable from those where bonds are given or other agreements made, as a reward for using influence and power over another person to induce him to make a will in favor of the obligor, for all such contracts tend to deceive and injure third persons and encourage artifice and improper attempts to control the exercise of free judgment. In this case there was no intent to defraud, deceive or influence any one. The defendant did not undertake to do an act prohibited by the common law or by stat-

ute. On the contrary, his undertaking is in accord with our statute relating to the disposition of property by will, and the universal rule by which courts seek for and give effect to the intention of the testator. It was not an undertaking to control the exercise of the testatrix's wish and judgment in the disposition of her property. The acts to be done and omitted by the defendant were not calculated to thwart the plans of the testatrix or disappoint her intentions. The undertaking was to abide by the provisions of the will and not waive them, thereby giving effect to and carrying out the testratrix's wishes. Such agreements are calculated to avoid or settle family controversies, to adjust doubtful rights, to preserve the harmony, affections or honor of the family, to promote justice and enable one to provide for the natural objects of his bounty; they are not in contravention of public policy. Story's Equity Jurisprudence, vol. 1, s. 625; *Johnson* v. *Hubbell*, 2 Stockton's Chancery 332 (66 Am. Dec. 773); *Fulton* v. *Smith*, 27 Ga. 413; *Carmichael* v. *Carmichael*, 72 Mich. 76; *Huguley* v. *Lanier*, 86 Ga. 636, (22 Am. St. Rep. 487); *Hobson* v. *Trevor*, 2 Pierre Williams, 191.

*Judgment affirmed and cause remanded.*