## Fred H. LaRocque, Conservator, Appellee, v. Martin Keigher, Appellant.

### Gen. No. 6,823.

1. COMPROMISE AND SETTLEMENT, § 11*—*settlement of will contest.* The law favors the settlement of will contests and family disputes.

2. COMPROMISE AND SETTLEMENT, § 11*—*what is effect as to consideration given.* Where an heir in good faith threatens to bring an action to contest the will and a compromise is entered into, in the absence of fraud or misrepresentation, a note given in furtherance of the compromise is not void for want of consideration, and the court will not inquire whether the claim of the party threatening the contest was well or ill founded.

3. COMPROMISE AND SETTLEMENT, § 11*—*what is effect as to note given to settle will contest.* A note given an heir in settlement of a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

threatened will contest, *held* to have been given pursuant to a settlement made before the expiration of the time to contest, though the note was not, in fact, given until after the time had expired.

4. COMPROMISE AND SETTLEMENT, § 11*—*when note given in settlement is supported by consideration.* An agreement to pay an heir threatening to contest the will a certain sum in settlement of the contest is sufficient consideration for a note though the note is for less than the agreed sum.

Appeal from the Circuit Court of Kankakee county; the Hon. ARTHUR W. DE SELM, Judge, presiding. Heard in this court at the April term, 1920. Affirmed. Opinion filed July 16, 1920. Rehearing denied October 12, 1920.

GRANGER, DOUGHERTY & NOURIE, for appellant.

ARTHUR B. COWING and H. H. WHITMORE, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

This is a suit on a promissory note given by appellant to Katherine Keigher. While the suit was pending appellee was appointed conservator for Katherine Keigher. Appellant pleaded want of consideration. A trial resulted in a judgment for $2,499 against appellant, from which judgment this appeal was taken.

Bernard Keigher, father of Katherine Keigher and appellant, died in August, 1903, testate. His will was probated in the county court of Kankakee county on September 28, 1903. By the will he left his property to his widow and his children other than Katherine, to whom he gave nothing. Katherine was dissatisfied and threatened to bring suit to contest the will and consulted lawyers with that end in view. Family conferences were had and after the expiration of the time for bringing suit to contest the will, appellant executed the note in question.

It is contended by appellant that the note was given

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

for love and affection or as a gift and therefore not binding on the maker. We are of the opinion that the court was warranted in finding that the note was not given for love and affection or as a gift, but as the consummation of a compromise of Katherine's threatened suit.

It is contended by appellant that there is no evidence in the record showing that there ever was any ground for a contest of the will of Bernard Keigher. The law favors the settlement of will contests and family disputes and where an heir in good faith threatens to bring an action to contest a will and a compromise is entered into, in the absence of fraud or misrepresentations a note given in the furtherance of the compromise is not void for want of consideration and the court will not inquire whether the claim of the party threatening the contest was well or ill founded. 1 Chitty on Contracts, page 46; *McKinley v. Watkins*, 13 Ill. 140; *Sigsworth v. Coulter*, 18 Ill. 204; *Miller v. Hawker*, 66 Ill. 186; *Honeyman v. Jarvis*, 79 Ill. 318; *Kronmeyer v. Buck*, 258 Ill. 586. Probably the language most often quoted in the decisions on this subject is found in *Stapleton v. Stapleton*, 1 Atk. 12, where it was said: "An agreement entered into upon a supposition of a right, or of a doubtful right, though it after comes out that the right was on the other side, shall be binding, and the right shall not prevail against the agreement of the parties, for the right must always be on the one side or the òther, and therefore the compromise of a doubtful right is a sufficient foundation of an agreement."

Appellant further contends that even if the note were given in settlement of a threatened contest of the will, it cannot be enforced as the time for contesting the will had expired prior to the giving of the note.

While the note in question was given after the expiration of the time for commencing a contest, we are of the opinion that the evidence in the case warranted

the court in finding that it was given in pursuance of a settlement made prior to the expiration of the time for contest, whereby appellant agreed to pay $2,500 to Katherine. Such agreement to pay $2,500 would be a sufficient consideration for the note in question notwithstanding the fact that the note was for a lesser amount than agreed upon.

The judgment is affirmed.

*Affirmed.*