[No. 18429. Department One. March 19, 1924.]

FRED B. CAVANAUGH, *Respondent*, v. MARTIN L. CAVANAUGH *et al., Appellants,* EMMA J. FULFORD *et al., Defendants.*[1]

EQUITY (18)—CONTRACTS—PROPERTY RIGHTS — CONTRIBUTION BY HEIRS. A contract between a man's children and heirs whereby one son was to attempt to make a settlement with the father, distributing his estate, which was liable to incur his enmity, in which five other children agreed to reimburse such son, share and share alike, in case he was disinherited, so that he should receive an amount equal to any of the parties, equitably construed, calls for reimbursement as for a one sixth portion of the estate, where he was disinherited and the father distributed his entire estate to four of the five children to the contract, one of them being ignored in the will.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered June 30, 1923, upon

[1] Reported in 224 Pac. 28.

findings in favor of the plaintiff, in an action for equitable relief, tried to the court.   Affirmed.

*Poe, Falknor, Falknor & Emory,* for appellants.

*Karr & Gregory* and *H. G. Sutton,* for respondent.

Holcomb, J.—On a former appeal decided in 120 Wash. 487, 207 Pac. 657, the case was remanded to be retried upon the decision that the complaint as modified by the evidence of plaintiff stated a cause of action against respondents in the action.   Reference is made to that opinion for the contract sued upon, the complaint, and the nature of the contest.

Upon retrial the trial court found and concluded in favor of plaintiff and respondent, and certain of the defendants have appealed.   His Honor, in a memorandum opinion, made an exhaustive analysis of the facts, too long to set out here, but which is fully sustained by the facts.   There is nothing really before us but questions of fact.

The assignments of error are grouped in five subdivisions.

The first: that the evidence did not show that respondent has been disinherited by his father; and the second, that if it can be said that he has been disinherited it is because of no act or thing he did in pursuance of the agreement of November 25, 1912, are both so effectually disposed of by the evidence in the case, which is clear and convincing to the contrary, that it is unnecessary to discuss them separately or further.

Third: that, in any event, respondent is entitled to no more than an undivided one-seventh interest in the property distributed to the children by Martin L. Cavanaugh, is untenable.

This contention is based upon the theory that, there being living children of a deceased child who, under the

law of inheritance, would inherit a part of the father's estate, therefore, if the father, M. L. Cavanaugh, died intestate, his estate would have been divided into seven portions for distribution, and respondent would be entitled to only one of those portions.

The deceased child was not a party to the agreement upon which this action is based. He was, in fact, dead at the time the agreement was made. The agreement provides:

"and in that event the said parties of the second part agree with Fred B. Cavanaugh that they and each of them shall contribute to the said Fred B. Cavanaugh from any portion of the property or property rights they shall receive from the settlement of the estate of M. L. Cavanaugh, such property and property rights so that Fred B. Cavanaugh shall receive an amount equal to that of any of said parties of the second part, share and share alike."

As was observed in the former opinion, "the transfer of the property by the father to the children as alleged was undoubtedly testamentary in character, and, under the terms of the contract, for that reason alone, equity will intervene to preserve appellant's rights." The distribution by the father being testamentary in character, and having been completely effected to the grantees, the contract positively provides that respondent shall receive an amount equal to that of any of the parties of the second part, share and share alike. The contract ignored the living children of the deceased brother. The distribution also ignored one child, Mrs. Newell, and gave the property to four children. Therefore, under the contract, if it were construed strictly and literally, respondent would be entitled to *one-fifth* instead of a one-sixth portion; but construed equitably his portion is share and share

alike with the five other parties to the contract, and that is one-sixth as decreed by the trial court.

Fourth: That the interest of respondent should not vest at this time, but should be held in abeyance until the death of the father.

Under the decision on the former appeal, the contention of respondent, appellant in that case, that he was entitled to recover a share and a half of the father's property under an agreement by the father to will him that share and a half was denied. The remaining cause of action, which was held to be sufficient, was the contract on the part of appellants to contribute to respondent property received from their father, if he should disinherit respondent, so as to make him equal with the other parties. The evidence is indisputable that on September 24, 1917, the father made a distribution of all his property, real and personal, within this state to the appellants. This distribution was undoubtedly testamentary in character, and a final distribution of all his property within this state. They have received the property. The contract provides that, should respondent be in any manner disinherited by the father, then "and in that event" parties of the second part agree to make him whole, share and share alike. That event has happened. Respondent has been disinherited. The property has been distributed to the other parties, and therefore there is no way in which respondent can enforce the contract except to have the property decreed to him directly as the contract provided.

Fifth and last: That by subsequent agreement in writing and adjudication of the court, the contract of November 25, 1912, was nullified, at least as to the property conveyed to Frank F. Cavanaugh and Elvira C. Roberts.

That agreement was for the placing of the estate of Mary Ann Cavanaugh, deceased, the mother of respondent and appellants, in the hands of a trustee to be handled and managed, and providing the method of handling the same. It settled no rights as to the separate property of the father, and had nothing to do with the contract on which this action is based.

On the whole record, we are well satisfied that not only the preponderance, but strong and convincing evidence overwhelmingly supports the decree rendered by the trial court.

It is therefore in all respects affirmed.

MAIN, C. J., TOLMAN, MACKINTOSH, and PEMBERTON, JJ., concur.