ROSE G. MONASH
*vs.*
LOUIS GETZ

Superior Court          Hartford County          File No. 63939

MEMORANDUM FILED NOVEMBER 23, 1940.

*Charles N. Segal,* of Hartford, for the Plaintiff.

*Louis H. Katz,* of Hartford, for the Defendant.

CORNELL, J.   The agreement alleged in paragraph three is to the effect that because of certain considerations named, the deceased promised to "leave her (i.e. the plaintiff) sufficient money at his death so that she would be amply provided for during her lifetime"; that described· as having been made by the defendant herein is substantially the same, viz., that he would "amply provide for her for the rest of her life."

Reasons of demurrer one and two attack each of these alleged undertakings, respectively, on the ground that they are too vague and indefinite to be enforceable.   The point does not seem well taken.   *Brown vs. Brown,* 4 Conn. 269, 272; *Scott vs. Hull,* 8 id. 296, 303; *Ladd vs. Abel,* 18 id. 513; 1 *Williston, Contracts* (Rev. ed. 1936) §41, p. 118; 68 C.J. *Wills* §187, footnote 11 [a], p. 567.   See, also, *Strakosch vs. Conn. Trust & Safe Deposit Co.,* 96 Conn. 471.

The third ground of demurrer advances the claim that the complaint evinces that there was no consideration for the defendant's undertaking.   This is alleged to have arisen out of the circumstance that when the plaintiff told defendant that "she intended to contest the validity of the will" under which defendant was the chief beneficiary, the defendant "promised the plaintiff that if she would not contest the will, he. . . . would amply provide for her for the rest of her life."

Since forbearance on plaintiff's part is thus made the consideration for the defendant's alleged undertaking, it is, of course, essential, if it may be found to be a sufficient consideration, that it appear that plaintiff was possessed of some right which could be the subject of such forbearance.

The complaint suggests two sources from which such a right might emanate, viz., one which inhered in plaintiff as a "relative" of the testator and the other (although this is not definitely stated) arising out of the fact that the testator in devising or bequeathing his estate to others than plaintiff thereby violated an agreement which he had made with her to "leave her sufficient money. . . .so that she would be amply provided for during her lifetime." The persons who are eligible to contest the validity of a will are those only who, within the meaning of the statute (Gen. Stat. [1930] §4884) are "interested", and those only may be said to be "interested" who would be "aggrieved" by the admission of the will to probate. Those are aggrieved who have a pecuniary interest in the disposition of the estate owned by the testator. *Spencer's Appeal*, 122 Conn. 327, 332. And they only, aside from beneficiaries named in a testament, have such pecuniary interest in the probate of a will who are heirs and next of kin of the decedent. The plaintiff is described only as a "relative" of the testator—a term which palpably is not synonomous with heir and next of kin. The complaint, consequently, fails to demonstrate that she was possessed of a right to contest the validity of the will. It follows, in consequence, that she could not forbear to exercise a right that she did not have and that her undertaking to do so was devoid of a consideration capable of supporting the promise imputed to defendant.

Neither did any right of action against the testator acquired by her solely because of the latter's failure on his death to make the alleged provision for her, confer eligibility on her to contest the validity of the will of the court of probate. 68 C.J. *Wills* §630, p. 902, *Stempel vs. Middletown Trust Co.*, 7 Conn. Sup. 205, 220. Likewise, the complaint is wanting in allegations such as would warrant her in doing so in this court for, e.g., fraud on the part of the defendant, used as a medium whereby to procure the testator to violate his alleged agreement with plaintiff. *See Folwell vs. Howell*, 117 Conn. 565. It follows that the complaint makes it apparent

that the alleged promise made by defendant was without consideration. *Warner vs. Warner,* 124 Conn. 625.

The demurrer is overruled on the first and second grounds. It is sustained on the third.