373 P.2d 318

**Patsy Ruth HUGHES and Alice Joann Hummer, Plaintiffs-Appellees,**

**v.**

**C. G. BETENBOUGH, Maudie Betenbough and Ronald Betenbough, Defendants-Appellants.**

**No. 7075.**

Supreme Court of New Mexico.

July 5, 1962.

F. L. Heidel, Lovington, Brown & Brainerd, Roswell, for appellants.

Harris & Cathey, Roswell, for appellees.

COMPTON, Chief Justice.

This is an appeal from a judgment quieting title in appellees to certain real property; enjoining appellants from making claims contrary to the terms of a contract dated August 12, 1947; and enjoining the distribution of the estate of one Alice Whitmire, deceased.

The questions presented are: (1) adequacy of consideration for the contract; (2) whether the court below had jurisdiction to determine the persons entitled to distribution of the estate; and (3) whether there was error in the admission into evidence certain depositions.

The record is involved and entangled. On July 12, 1946, Alice Whitmire executed a warranty deed conveying properties involved in this action to her brother, C. G. Betenbough and his wife, two of the appellants here. On the same day C. G. Betenbough executed an agreement to provide for his sister's needs during her lifetime, but there is no evidence she had knowledge of the instrument. On July 18, 1946, Mrs. Whitmire instituted action against C. G. Betenbough to cancel the deed alleging lack of consideration and undue influence. On August 8, 1946, while this suit was pending and after efforts by T. Betenbough, a brother of C. G. Betenbough, to have the suit dismissed proved futile, the two brothers took Mrs. Whitmire to an attorney for the purpose of having her draw a will naming them as residuary legatees by which they would take the same property by will. The following day, August 9, 1946, C. G. Betenbough and his wife executed a declaration of trust whereby they agreed to hold the property in trust for Mrs. Whitmire during her lifetime and, upon her death, to convey the same according to her last will and testament.

On August 10, 1946, Mrs. Whitmire was again taken by the two brothers to the attorney's office where she executed her last will and testament which named C. G. Betenbough and T. Betenbough as coexecutors. She bequeathed $1.00 each to her former husband and to Buford Horton, her son; devised certain property to the two daughters of Buford Horton, appellees herein, a house and personal items to a sister, and left the residue and remainder to "T. Betenbough and C. G. Betenbough, their heirs and assigns, to share and share alike."

Also on August 10, 1946, however, Buford Horton, Mrs. Whitmire's only child who had come from California in response to a communication that his mother desired his help, petitioned the Lea County District Court to declare his mother incompetent and appoint a guardian. On August 21,

1946, the district court entered its order declaring Mrs. Whitmire incompetent *as of August 10, 1946,* the day the petition was filed and, incidentally, the day the will was executed. A guardian was appointed for her and she was placed in an institution in California, where she remained until her death on May 2, 1958. Thereafter, the guardian was substituted as plaintiff in the pending suit against C. G. Betenbough to cancel the deed.

The court made the following findings of fact and conclusion of law:

### Findings

"15. That said contract was supported by adequate consideration.

"19. That due to the reliance of the Plaintiffs, or their predecessor in title, the Plaintiffs and their predecessor in interest did not institute any action to clarify the competency of Alice Whitmire, now deceased, to make the will executed on August 10, 1946."

### Conclusion

"3. That the representations contained in the contract of August 12, 1947, by the Defendants, or their predecessors in title, are such as to estop these Defendants from denying the validity of such contract."

The findings and conclusion are under attack. Appellants contend that since Horton was not a party to the suit being settled, there was a failure of consideration on his part to support the promises of the Betenboughs disclaiming their rights of inheritance; and, further, that the consideration in the contract was grossly inadequate.

The contention must be overruled. There was adequate consideration shown. It is apparent from the record that there was considerable doubt as to the competency of Mrs. Whitmire to manage her own affairs at the times she executed the deed and will. The record discloses that there was considerable hostility of long standing between Mrs. Whitmire's son and her two brothers, and more particularly as a result of the circumstances surrounding the execution of the deed and subsequent dealings.

In an effort to settle these difficulties and to effect a compromise of the litigation over the deed, on July 1, 1947, C. G. Betenbough testified in the action by the guardian against him that it would be to the best interests of all concerned if he deeded the properties back to Mrs. Whitmire's guardian with an agreement that upon her death the son, Buford Horton, would receive three-fourths thereof and C. G. Betenbough one-fourth. This was in direct contravention of the terms of the will, a fact known to the Betenboughs. A stipulation to this effect was drawn whereby C. G. Betenbough was to retain some 560 acres of the land, valued at $6,200.00 and to pay the guardian $500.00.

He was also to reconvey the balance of the land, valued at about $60,000.00.

In conjunction with, and as a part of, the negotiations for this settlement, the contract in question, dated August 12, 1947, was entered into between Buford Horton and the Betenbough brothers and their wives. The contract, after reciting that Horton was the sole and only heir at law of Alice Whitmire, identified the pending suit, the stipulation of settlement entered into between the parties to that suit, a purported will or wills of Alice Whitmire naming the Betenbough brothers as beneficiaries, and stated that it was the desire of the Betenboughs to obtain approval of the settlement and to disclaim any interest in and to the estate of Mrs. Whitmire under the terms of her will.

The contract then provided that in consideration of one dollar and other valuable considerations by the first party to the second parties, upon approval of the stipulation by the court, payment to the guardian of the $500.00 and a reconveyance of the lands described in the stipulation, C. G. Betenbough and T. Betenbough and their wives were to forever disclaim any right, title or interest in and to any and all property then owned by Mrs. Whitmire or thereafter acquired and were to disclaim any rights of inheritance under any purported will, and, further, to renounce any rights of inheritance whether by will or by descent and distribution. This contract was fully executed by all parties on the morning of August 12, 1947, after which the court rendered a judgment approving the stipulation of settlement. There is no evidence that the contract itself was brought to the attention of the court, but it was filed for record the same day judgment was entered and the judgment recited that Mrs. Whitmire was incompetent on July 12, 1946, when she executed the deed and at all times subsequent thereto.

Buford Horton predeceased his mother leaving as his survivors the appellees. T. Betenbough also predeceased Mrs. Whitmire leaving a son, Ronald Betenbough, one of appellants. Upon Mrs. Whitmire's death in May, 1958, letters of administration were issued to one of the appellees. However, in December, 1958, C. G. Betenbough offered for probate the will of Mrs. Whitmire, dated August 10, 1946, and it was admitted. An appeal therefrom to the district court was taken, where the cause is now pending.

Due to the relation of the parties, it seems clear that they as well as their attorneys sought in good faith by their negotiations to obviate the necessity for any further litigation or recrimination. By the very nature of C. G. Betenbough's statement to the court as to the best method to settle, he expressed an intention to waive any rights he might have under any purported will of Mrs. Whit-

mire. That T. Betenbough's rights under the will were subject to the same doubts also appears clear.

The stipulation, the deed reconveying the property to the guardian, and the contract were all prepared and executed as part of one transaction. In equity the termination of family controversies by the forbearance to prosecute doubtful claims asserted in good faith, constitutes adequate consideration for a compromise agreement. Warner v. Warner, 124 Conn. 625, 1 A.2d 911, 118 A.L.R. 1348; Preston v. Ham, 156 Ga. 223, 119 S.E. 658. The mutual promises for the sake of family harmony, and the settlement of controversies to avoid further litigation, outweigh mere pecuniary consideration. Justice v. Justice, (C.A.Ky.), 237 S.W.2d 866; De Caro v. De Caro, 22 N.J.Super. 463, 92 A.2d 97. A contract to dispose of the property in a testate estate in a manner different from the will, in the absence of fraud, is valid even though made before the death of the testator. Cavanaugh v. Cavanaugh, 128 Wash. 688, 224 P. 28; Spangenberg v. Spangenberg, 19 Cal.App. 439, 126 P. 379; 38 A.L.R. pp. 753–754.

The case of In re Pendergrass' Will, 251 N.C. 737, 112 S.E.2d 562, is very similar on the facts. The court in that case, recognizing that family settlements are almost universally approved, quoted from its previous decision, as follows:

"'* * * They [family settlements] are made in recognition of facts and circumstances known, often, only to those who have lived in the sacred family circle, and which a just family pride would not expose to those who neither understand nor appreciate them. They proceed from a desire on the part of all who participate in them to adjust property rights, not upon strict legal principles, however just, but upon such terms as will prevent possible family dissensions, and will tend to strengthen the ties of family affection. The law ought to, and does, respect such settlements; it does not require that they shall be made in accord with strict rules of law; nor will they be set aside because of objections based upon mere technicalities.' Tise v. Hicks, 191 N.C. 609, 613, 132 S.E. 560, 562."

The contract in the case at bar, having been openly and fairly made, the parties being represented by counsel, was no less valid because not approved by the court.

While there has not been brought to our attention any cases in this jurisdiction dealing with a similar situation, and we have found none, this court has on numerous occasions refused to find contracts invalid or deny specific performance for a

mere inadequacy of consideration when they have been openly and fairly made without any taint of fraud or mistake. Ravany v. Equitable Life Assurance Society, 26 N.M. 514, 194 P. 873; Moruzzi v. Federal Life and Casualty Co., 42 N.M. 35, 75 P.2d 320, 115 A.L.R. 407; Featherstone v. Walker, 43 N.M. 181, 88 P.2d 271; Hendrix v. Dominguez, 58 N.M. 216, 269 P.2d 1099. Also see 3 Pomeroy's Equity Jurisprudence, § 926.

In the case at bar, we have the additional factor that Horton, having changed his position during his lifetime in reliance upon the contract, is dead, and, therefore, as the court below found, appellants should be estopped now to deny the validity of the contract. See Yates v. American Republics Corporation, (C.C.A. 10th Cir.), 163 F.2d 178.

Appellants contend that the admission of depositions into evidence without opportunity to exercise the reserved right to object to the admissibility and materiality of any question or answer, constitutes prejudicial error. We find this contention without merit. The depositions were admitted solely to rebut the affirmative defenses of fraud and duress relied upon by appellants. Their use was limited to these issues and the trial court found that none of the defendants, or their predecessors in title, in executing the contract in question did so as a result of any undue influence or fraud. Even the appellants in their brief concede that the issues of fraud and duress are not made points on appeal. This disposes of this claim of error.

With regard to the appellants' position that the court below was without jurisdiction to determine the persons entitled to distribution of decedent's estate, they concede that should this court sustain the ruling of the trial court as to the validity of the contract and as to the admission of the depositions, the question of jurisdiction becomes moot and need not be determined by us. With this we agree; consequently, we will not enter into a discussion of that point.

The judgment should be affirmed. IT IS SO ORDERED.

CARMODY and CHAVEZ, JJ., concur.

MOISE and NOBLE, JJ., not participating.