Shea *v.* Hyde.

————————•◄••►◄————————

JANE M. SHEA, EXECUTRIX (BRIDGET DONOVAN, DECEASED), *vs.* WILLIAM S. HYDE, ADMINIS-
TRATOR, ET AL.

First Judicial District, Hartford, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

The rule against hearsay evidence is based principally upon the absence of the sanction of an oath and the lack of the test of cross-examination. Exceptions thereto are recognized only when the declarations are made under conditions which are deemed to render them equivalent in reliability and trustworthiness to the standard of ordinary testimony.

The unsworn statement of one member of a family as to matters concerning pedigree and relationship within the family is hearsay; but such a declaration becomes admissible in evidence when it appears that the declarant is dead; that, if present, he would be qualified to testify as a witness, and that, by reason of his relationship to the family in question, which must be affirmatively established by evidence independent of the declaration itself, he had special knowledge of the subject-matter; that the statement was made before the controversy in suit arose; and that he had no interest to misrepresent the truth in making the declaration.

If a declaration of A is offered to establish relationship between B and C, it must first be shown by evidence *dehors* the declaration that A was related to either B or C, but it is not necessary to prove that he was related to both.

Argued January 5th—decided February 9th, 1928.

APPEAL by the plaintiff from an order and decree of the Court of Probate for the district of Southington determining the next of kin and distributees of the estate of Jane L. Donovan, late of Southington, deceased, taken to the Superior Court in Hartford County and tried to the court, *Dickenson, J.;* judgment rendered dismissing the appeal and confirming the order and decree, from which the plaintiff appealed. *Error and new trial ordered.*

*Lawrence A. Howard* and *Ethel F. Donaghue,* for the appellant (plaintiff).

*William S. Hyde,* for the appellees (defendants).

HINMAN, J.  Jane L. Donovan, the decedent, died intestate, in Southington. She was the daughter of James Donovan and Bridget O'Leary Donovan, both of whom predeceased her. The Court of Probate ascertained the heirs of Jane L. Donovan to be children of brothers and sisters of her mother, Bridget O'Leary Donovan, and therefore first cousins of the intestate. Bridget Donovan, of Boston, Massachusetts, appealed from this decree, alleging that she was an aunt and next of kin of the decedent, and so entitled to inherit the whole estate. Appellant died May 27th, 1927, and Jane M. Shea, her niece, was appointed executrix, and entered to prosecute this appeal.

Bridget Donovan, the original appellant, was born in Ireland, her father being Jeremiah Donovan and her mother Mary Daley Donovan. She had brothers and sisters, all of whom are deceased. One of the brothers was named Jeremiah Donovan, was married in Ireland to Ellen Shea, but left his wife and came to America to live. Appellant claimed that this brother, Jeremiah, changed his name to James after leaving

Shea *v.* Hyde.

Ireland and that he was the same person as James Donovan, father of the intestate.

As tending to substantiate this claim, the appellant offered the testimony of her niece, Jane M. Shea, concerning a declaration by one Jeremiah Donovan of New Haven, now deceased, who, the trial court finds, was a first cousin of appellant, Bridget Donovan. Subject to objection, the witness testified as to a conversation had by her with this Jeremiah Donovan in which he told of his acquaintance with the man known as James Donovan of Southington and his family, and stated that he knew him as a boy in Ireland and that he was the brother of witness's mother, who, as above stated, was a sister of Bridget Donovan. This testimony was stricken out, on motion of the appellee, the trial court ruling that, while relationship between the declarant and the appellant had been established, it was necessary, in order to render the declaration admissible, to establish relationship between Jeremiah Donovan, the declarant, and the intestate, Jane L. Donovan. The correctness of this ruling is the only question now presented by this appeal.

The unsworn statement of one member of a family as to matters concerning pedigree and relationships within the family is hearsay; but such a declaration, when the legal conditions requisite to its admission are present, is one of the recognized exceptions to the rule excluding hearsay statements. The principal grounds for this rule of exclusion are the absence of the sanction of an oath and the lack of the test of cross-examination. Exceptions thereto are recognized only when conditions obtain which are deemed to render the declaration in question "equivalent in reliability and trustworthiness to the standard of ordinary testimony when subjected to cross-examination." It must appear that the declarant is dead; that he would, if present, have

been qualified, as a witness, to testify; that the declaration was made before the controversy in the trial of which it is offered had arisen; and that the declarant had no interest to misrepresent in making the declaration. *Turgeon* v. *Woodward,* 83 Conn. 537, 541, 78 Atl. 577.

It seems to be conceded that these conditions are met in the present case. It is also required that the declarant have special knowledge of the subject-matter, and, when it relates to pedigree, relationship of the declarant to the family under inquiry must be established affirmatively by evidence independent of the declaration itself, such relationship presupposing sufficient interest in and accurate information regarding the family history. 4 Chamberlayne on Evidence, §§ 2911, 2915; 3 Wigmore on Evidence (2d Ed.) § 1486; Jones on Evidence (3d Ed.) 313. "The declaration must be from persons having such a connection with the party to whom it relates, that it is natural and likely . . . they are speaking the truth, and cannot be mistaken. . . . The opinions of deceased neighbors or acquaintances of the family, are not evidence on a question of pedigree; for they cannot be supposed to have that certain knowledge which can be relied on. . . . From this it appears, that the deceased relative, whose declarations are given in evidence, is to be considered as standing on the foot of a witness, and the hearsay declarations are admitted in lieu of his testimony. It is, therefore, essential, that the relative whose declarations are given in evidence, should be named, so that the court may be enabled to know whether his relationship or connection with the family, whose pedigree is in question, was such that he may be supposed to know the truth of the declaratons." *Chapman* v. *Chapman,* 2 Conn. 347, 349.

In the instant case the appellee concedes that the

declaration of Jeremiah Donovan as to his own family history or that of Bridget Donovan (the appellant) a relative, was clearly admissible, but contends that "before his declaration as to James Donovan could be admissible it became necessary for the appellant to first prove his relationship to James, and this cannot be proven by the declaration of Jeremiah himself." The ruling appealed from was in accordance with this contention, and the concrete question presented is whether, in seeking to prove a relationship (as brother and sister) between James and Bridget by a declaration of Jeremiah, it was necessary to show, by independent evidence, not only that Jeremiah was related to Bridget, but also that he was, likewise, related to James. Of course if Bridget and James were, in fact, brother and sister, Jeremiah would be cousin to James as well as to Bridget.

Whatever occasion may have been offered by the special facts in other cases for discussion and differences of opinion concerning some phases of the admissibility of declarations of a relative of a member of one branch of a family as to membership of a third person in a different and collateral branch, reason and common sense would seem to indicate that, in the present instance, the conceded qualification of Jeremiah to speak as to the family connections of Bridget includes competence to make a declaration as to a family relationship between Bridget and James. "If the relationship of the declarant to both the claimant and the person from whom the property descends is established by proof outside the declarations, there remains no need for introducing the declarations, as the relationship sought to be shown is already made out." 4 Chamberlayne on Evidence, § 2933, p. 4078.

The statement of Lord Brougham in *Monkton* v. *Attorney General,* 2 Russ. & M. 147, 157, the leading

Shea *v.* Hyde.

English case on this subject, is conspicuously applicable to the situation here presented: "To say that you cannot receive in evidence the declaration of A., who is proved to be a relation by blood of B., touching the relationship of B. with C., unless you have first connected him, also by evidence *dehors* his declaration, with C., is a proposition which has no warrant either in the principle upon which hearsay is let in, or in the decided cases; and it plainly involves this absurdity, that if, in order to connect B. with C., I am first to prove that A. is connected with B., and then to superadd the proof that he is connected with C., I do a thing which is vain and superfluous; for then the declaration is used to prove the very fact which I have already established; inasmuch as it is not more true that things which are equal to the same thing are equal to one another, than that persons related by blood to the same individual are more or less related by blood to each other. It is clear, both upon principle and from the total want of any contrary authority in adjudged cases, or in the *dicta* of judges or textwriters, that the argument fails entirely, which would limit the rule respecting evidence of this description to a greater extent than by requiring you to connect with the family, by matter *dehors* the declaration itself, the party whose declaration you receive."

While, as we state in *Engel* v. *Conti,* 78 Conn. 351, 354, 62 Atl. 210, the rule against the admission of hearsay evidence is not to be strained beyond its established limits, the general rule, as stated by textbooks and promulgated by a heavy preponderance of the decided cases, is to the effect that while a declarant as to the relationship of a person in a family must be shown, by independent evidence, to belong to the family, it is not necessary to establish that he belongs to the same branch of it as does the person to whom his declaration

relates. "The steps or links constituting the family relationship in any given case may properly be stated in the extrajudicial pedigree declaration of any competent declarant. The general relationship of A. to the other members of his family may be stated in this way. The assertion of a specific relation to the family is as admissible as one of a more general nature. No limitation is imposed that the statement of relationship should be made concerning the particular branch of the family to which the declarant belongs. The assertion may cover any branch, direct or collateral, of the entire family to which the declarant is related, either by blood or marriage. Thus, where it is sought to prove relationship between A. and B., it is not necessary to show that the declarant was related to both. It is sufficient to show that he was related to either." 4 Chamberlayne on Evidence, § 2933. "Where an alleged relationship between Doe and Roe is to be testified to, a relation of Doe may speak of it, because it concerns the relationships of Doe's family, while a relation of Roe may equally speak to it, because it concerns relationships of Roe's family; hence, all that is required of the declarant is a *connection with either one or the other,* but *not with both.*" 3 Wigmore on Evidence (3d Ed.) § 1491; *Monkton* v. *Attorney General, supra; Estate of Hartman,* 157 Cal. 206, 107 Pac. 105, 36 L.R.A. (N.S.) 530, and note, in which the annotator states that "probably the true rule upon this question is best expressed in the opinion of Lord Brougham in Monkton v. Attorney General"; *Sitler* v. *Gehr,* 105 Pa. St. 577; *Gehr* v. *Fisher,* 143 Pa. St. 311, 22 Atl. 859; *Scheidegger* v. *Terrell,* 149 Ala. 338, 43 So. 26; *Overby* v. *Johnston,* 42 Tex. Civ. App. 348, 351, 94 S.W. 131.

We conclude, therefore, that the declaration of Jeremiah Donovan was not inadmissible by reason of the

want of independently established relationship between him and James Donovan and should not have been stricken out.

There is error and a new trial is ordered.

In this opinion the other judges concurred