THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT FOSTER, Defendant-Appellant.

Third District   No. 77-303

Opinion filed December 13, 1978.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (James E. Hinterlong and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

On September 27, 1976, the defendant Robert Foster had driven with Carolyn Lenair and Luther Hobbs to a Bolingbrook, Illinois, parking lot whereupon a sale of more than 30 grams of heroin was made to Jerome Johnson, an undercover special agent for the Illinois Bureau of Investigation. As a consequence of this sale, the defendant was charged with unlawful delivery of a controlled substance and convicted of that offense in the circuit court of Will County. The trial judge imposed a sentence of from 4 to 6 years imprisonment.

During police interrogation Lenair confessed that she alone was responsible for the unlawful delivery, and that she did not tell the defendant or Hobbs what she was planning to do at the Bolingbrook parking lot. At the time of defendant's trial Lenair was a fugitive from justice, but special agent William Doster, who heard her statement exculpating the defendant, was available to testify. In response to the State's pretrial motion agent Doster was prohibited from testifying as to Lenair's statement on the grounds that the statement was a hearsay declaration. The defendant appeals from that ruling arguing in his brief that Lenair's declaration should be admitted into evidence as a declaration against penal interest, one of the exceptions to the hearsay rule.

■■■ The general rule set forth in *People v. Lettrich* (1952), 413 Ill. 172, 108 N.E.2d 488, is that declarations against penal interest are inadmissible because of the hearsay rule unless justice demands a departure from the rule. The rationale for excluding hearsay of all types from the courtroom is, of course, that it fails to meet the standard of reliability that we seek in the adjudicatory process. However, a hearsay declaration in one setting may be far more reliable than a hearsay declaration arising in another set of facts. The United States Supreme Court in *Chambers v. Mississippi* (1973), 410 U.S. 284, 35 L. Ed. 2d 297, 93 S. Ct. 1038, held that where the hearsay rule is applied mechanistically to exclude all declarations against penal interest, an infringement of constitutionally protected due process rights results. The court in *Chambers* set forth four factors which provide considerable assurance that hearsay declarations against penal interest will be reliable. The court in *Chambers* found all four factors present, and ruled that because the factors were present, it violated the due process clause to exclude the hearsay declarations.

■■ In a 1976 opinion by Justice Alloy (*People v. Ireland* (1976), 38 Ill. App. 3d 616, 348 N.E.2d 277), the Third District Appellate Court adopted the four-factor test of the *Chambers* case. The four factors are: (1) the declaration was made to an acquaintance shortly after the crime occurred; (2) the declaration was corroborated by other evidence in the case; (3) the declaration was self-incriminatory and against the declarant's interest; (4) declarant is available for cross-examination by the State. Like the Supreme Court in *Chambers*, the Third District Court in *Ireland* found all four factors present and held that the declaration against penal interest should have been admitted.

In cases subsequent to the *Ireland* decision the absence of a single factor in the four-factor test has resulted in the hearsay declaration being labelled as inadmissible. In *People v. Bolden* (1977), 53 Ill. App. 3d 848, 368 N.E.2d 1319, where there was no corroboration by other independent evidence, the hearsay declaration against penal interest was held inadmissible. In *People v. Pietrzyk* (1977), 54 Ill. App. 3d 738, 369 N.E.2d 1299, the hearsay declaration against penal interest was held inadmissible because it was not self-incriminating and was not supported by evidence from any other source. In *People v. Bailey* (1978), 56 Ill. App. 3d 213, 371 N.E.2d 1266, a hearsay declaration against penal interest was held inadmissible in the absence of any corroborating facts or showing of reliability. Finally, in a case which acknowledged the *Chambers* decision the Illinois Supreme Court reiterated its policy of admitting into evidence hearsay declarations against penal interests only where, as in *Chambers*, factors are present which tend to assure reliability. Specifically, a declaration against penal interest was held inadmissible because it was

unsupported by independent evidence and the declarant was unavailable for cross-examination at the time of trial. *People v. Craven* (1973), 54 Ill. 2d 419, 299 N.E.2d 1; *People v. Woodruff* (4th Dist. 1978), 62 Ill. App. 3d 949, 379 N.E.2d 907.

In the case at bar three factors of the four-factor *Ireland* test are not present. First, the declaration was not made to a close acquaintance shortly after the crime occurred. Rather, the declaration was made to special agent Doster, a virtual stranger. Spontaneous admissions to a friend or confidant are more likely reliable than calculated statements made to a police officer. The statement in the case at bar falls into the latter category.

Secondly, the statement is not corroborated by other independent evidence. When special agent Johnson arrived at the Bolingbrook parking lot, he noticed Lenair, Hobbs and Foster in and near their automobile. Thereupon special agent Johnson and Lenair walked toward each other, and when they met Lenair asked him to hug her and embrace her as if he had not seen her for a long time. The defendant argues in his brief that the request of Lenair that special agent Johnson act as if he were her boyfriend at the time of their Bolingbrook rendezvous indicates a charade acted out for the benefit of Hobbs and the defendant. This is the only independent evidence cited in the briefs to support the declarant's statement that the defendant was but an unknowing participant in a heroin sale. To say that this feigned display of affection is subject to more than one interpretation is a gross understatement. A public embrace may serve as a subtle search for weapons or as a means of allaying suspicions of bystanders. Thus the ambiguous nature of this corroborating evidence renders it nearly valueless for the purpose of assuring the reliability of the hearsay declaration against penal interest.

■■ Finally, the declarant in the case at bar is not available for cross-examination by the State. In his written brief the defendant suggests that the State might impeach the declarant by means other than cross-examination. We are dealing with a hearsay statement, the reliability of which is suspect from the outset. Unreliable hearsay must not be allowed to sully the integrity of the fact finding process in the Illinois courts. The four factors of the *Ireland* test present a barrier to hearsay declarations which might result in such a compromise of integrity, and we believe it unwise and inconsistent with the policy of *Lettrich* and *Craven* to dilute their prophylactic effect. Consistent with that policy, we refuse to accept defendant's argument that an inferior impeachment device would be sufficient to assure the reliability of the hearsay declaration in the instant case.

After careful consideration of the record and oral and written

arguments of counsel, and for the reasons stated above, the verdict of the circuit court of Will County is affirmed.

Judgment affirmed.

ALLOY, P. J., and STENGEL, J., concur.