STATE OF CONNECTICUT *v.* STANFORD LEE FRYE

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued October 15—decision released December 16, 1980

*James J. Ruane,* assistant public defender, with whom, on the brief, was *Herbert J. Bundock,* public defender, for the appellant (defendant).

*Edward J. Caldwell,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Theresa A. Brown,* law student intern, for the appellee (state).

ARTHUR H. HEALEY, J. After a trial to the jury, the defendant was found guilty of robbery in the second degree, in violation of General Statutes § 53a-135 (a) (1), and of larceny in the second degree, in violation of General Statutes §§ 53a-119 and 53a-123 (a) (1). In his appeal from the judgment rendered thereon, he claims that the court erred in excluding from evidence a third party's statement against penal interest exculpatory to the defendant, thereby depriving the defendant of his constitutional rights.[1]

Those circumstances necessary to set out the factual background include the following: On July 28, 1978, Mark DeMarseilles, who was about to enter his car in a Bridgeport parking garage, was grabbed and robbed by two black males. The assailants fled in DeMarseilles' car, leaving him at the scene. The defendant was arrested after he was identified by a security guard at the parking garage as the driver of the victim's vehicle. The guard had

---

[1] Encompassed within this basic claim is the defendant's assertion that the court erred in denying his motion for a new trial because of the exclusion of the claimed declaration against penal interest.

viewed the occupants of the DeMarseilles car as it sped out of the exit area of the garage. The guard knew the defendant prior to this occasion due to previous altercations. He did not recognize the other robber who was the passenger in the fleeing car. At the trial, the guard also made an in-court identification of the defendant as the driver of the car.

On December 14, 1978, at the close of the defendant's case in chief and in the absence of the jury, the defendant made an offer of proof to the court that a person known as "Bernie Gant a/k/a Leonard Gant" had committed the robbery charged against the defendant. At that time Charles Samuel testified that on October 31, 1978, he and Gant were in the lockup of the Superior Court in Bridgeport. He said that he had a conversation with Gant concerning the defendant and that he asked Gant if the defendant had been in a robbery. Samuel maintained that he then said to Gant: "You're the one who got Stanford Frye in jail for the robbery" and that Gant answered: "Yes, I did the robbery." Thereupon, Samuel testified that he told Gant: "You're going to straighten that out" and that Gant replied: "No, that's his weight. He got to deal with it."

At the hearing on the offer of proof, the defense also produced Thomas Ullman, an investigator employed by the public defender's office. He testified that on December 13, 1978, he went to Gant's apartment in Bridgeport to attempt to subpoena Gant for the purpose of testifying. Gant was not there but, according to a woman who identified herself as Gant's mother, ". . . he had just left a short while ago . . . but he would be back." Ullman left

the subpoena with Mrs. Gant and instructed her to have Gant call him at his office. Gant did call Ullman at about 1:30 p.m. the same day. At that time Ullman informed Gant of the purpose of the subpoena and instructed him to come to the public defender's office that afternoon or at 10 a.m. the next morning, i.e. December 14, 1978. Gant did not appear at the public defender's office or in court to testify. The court refused to admit the testimony of Samuel. The defendant's sole claim on appeal is that the trial court erred in refusing to admit Samuel's testimony.

In *State* v. *DeFreitas,* 179 Conn. 431, 426 A.2d 799 (1980), we held that statements against penal interest exculpatory to a defendant were no longer per se inadmissible. See also *State* v. *Gold,* 180 Conn. 619, 430 A.2d 501, cert. denied, 449 U.S. 920, 101 S. Ct. 320, 66 L. Ed. 2d 148 (1980). In *DeFreitas,* we adopted a rule consistent with *Chambers* v. *Mississippi,* 410 U.S. 284, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973). Courts have extracted from *Chambers* four general considerations relevant to an investigation of the trustworthiness of a third party confession: "(1) the time of the declaration and the party to whom the declaration was made; (2) the existence of corroborating evidence in the case; (3) the extent to which the declaration is really against the declarant's penal interest; [and] (4) the availability of the declarant as a witness." *United States* v. *Guillette,* 547 F.2d 743, 754 (2d. Cir. 1976), cert. denied, 434 U.S. 839, 98 S. Ct. 132, 54 L. Ed. 2d 102 (1977); see also *United States* v. *Oropeza,* 564 F.2d 316, 325 (9th Cir. 1977), cert. denied, 434 U.S. 1080, 98 S. Ct. 1276, 55 L. Ed. 2d 788 (1978); *Henson* v. *United States,* 399 A.2d 16 (D.C. App.), cert. denied,

444 U.S. 848, 100 S. Ct. 96, 62 L. Ed. 2d 62 (1979);
*People* v. *Foster,* 66 Ill. App. 3d 292, 294, 383 N.E.2d
788 (1978). We have recognized that while there can
be "no precise formulation of the proof which would
constitute sufficient evidence of the trustworthiness
of a third party declaration against penal interest,
the considerations derived from *Chambers* indicate
the nature of the appropriate inquiry for a trial
court faced with the proffer of such a declaration."
*State* v. *DeFreitas,* supra, 451. The *DeFreitas*
rationale was also in accord with rule 804 (b) (3) of
the Federal Rules of Evidence, providing that trust-
worthy third party statements against penal interest
exculpatory to a defendant are admissible if the
declarant is unavailable. *State* v. *DeFreitas,* supra,
451–52; see *State* v. *Gold,* supra, 628–29. The state
claims that Samuel's testimony should not have been
admitted because there was not a sufficient showing
of either the unavailability of the declarant or the
trustworthiness of the statement. Since we hold
that Gant was not shown to be unavailable, we
need not reach the issue of trustworthiness.

Exceptions to the hearsay rule have been based
on circumstances which demonstrate both the neces-
sity for admitting the statement and the reliability
and trustworthiness of the statement. See *State* v.
*DeFreitas,* supra, 440; *Shea* v. *Hyde,* 107 Conn. 287,
289, 140 A. 486 (1928). The necessity factor, we
have said, is reflected in the prerequisite that the
declarant be unavailable. *State* v. *DeFreitas,* supra,
441–47; see *Ferguson* v. *Smazer,* 151 Conn. 226, 232,
196 A.2d 432 (1963). Thus, in *DeFreitas,* we noted
that the threshold requirement[2] for admitting third

___

[2] In *DeFreitas* we noted that "[i]n the scores of cases decided
since *Chambers* [v. *Mississippi,* 410 U.S. 284, 93 S. Ct. 1038, 35 L.
Ed. 2d 297 (1973)], which have considered the question of admissi-

party declarations against penal interest is the unavailability of the declarant. *State* v. *DeFreitas,* supra, 440. Absent a showing by the proponent of the proffered hearsay statement of the unavailability of the declarant, the declarant's statement will be excluded from evidence.

The most common forms of unavailability are those set out in rule 804 (a) of the Federal Rules of Evidence. Fed. R. Evid., rule 804. Rule 804(a) lists five situations in which the declarant witness may be considered unavailable: (1) the court has determined that the witness has a testimonial privilege; (2) the witness persists in refusing to testify despite a court order to do so; (3) the witness has a lack of memory; (4) the witness is unable to be present or testify because of death or existing physical or mental illness or infirmity; and (5) the witness is "absent from the hearing and the proponent of his statement has been unable to procure his attendance . . . [or testimony] *by process or other reasonable means.*" [3] (Emphasis added.) We note that under

bility of third party declarations against penal interest, we have been unable to find a case, nor has the defendant provided us with a citation, where an appellate court has dispensed with the unavailability of the declarant as a condition precedent to admitting such declarations." *State* v. *DeFreitas,* 179 Conn. 431, 443, 426 A.2d 799 (1980).

[3] Rule 804 of the Federal Rules of Evidence, entitled "Hearsay Exceptions; Declarant Unavailable," provides in section (a): "Definition of unavailability. Unavailability as a witness includes situations in which the declarant—(1) is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of his statement; or (2) persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so; or (3) testifies to a lack of memory of the subject matter of his statement; or (4) is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; or (5) is absent from the hearing and the proponent of his statement has been unable to procure his attendance (or in the case of a hearsay exception under

our criminal rules, in determining whether or not a deposition is admissible into evidence because the deponent is claimed to be "unavailable," the term "unavailable" is defined almost identically to include those situations set out in federal rule 804(a). See Practice Book, 1978, §§ 789–804, especially §§ 793, 803.[4] We have decided to employ the definition set out in rule 804(a) in determining the unavailability of a witness where the admissibility of statements against penal interest is in issue.

subdivision (b) (2), (3), or (4), his attendance or testimony) by process or other reasonable means. A declarant is not unavailable as a witness if his exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrongdoing of the proponent of his statement for the purpose of preventing the witness from attending or testifying." With regard to declarations against interest, Rule 804(b)(3) provides: "Statement against interest. A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement."

[4] Practice Book, 1978, § 803, states in full: " 'Unavailable' as used in Sec. 793 [regarding the use of a deposition at a trial or hearing if the deponent is unavailable] includes situations in which the deponent: (1) Is exempted by a ruling of the judicial authority on the ground of privilege from testifying concerning the subject matter of his deposition; (2) Persists in refusing to testify concerning the subject matter of his deposition despite an order of the judicial authority to do so; (3) Testifies to a lack of memory of the subject matter of his deposition; (4) Is unable to be present or to testify at a trial or hearing because of his death or physical or mental illness or infirmity; or (5) Is absent from the trial or hearing and the proponent of his deposition has been unable to procure his attendance by subpoena or by other reasonable means. A deponent is not unavailable as a witness if his exemption, refusal, claim of lack of memory, inability, or absence is the result of the procurement or wrongdoing by the proponent of his deposition for the purpose of preventing the witness from attending or testifying."

In this case, the only situation which is even arguably fulfilled in rule 804(a) is the last. Even in this regard, however, the defendant did not demonstrate that Gant was unavailable as a witness. The defendant, who was represented by the public defender's office, had access to the ordinary process by which the attendance of witnesses in court is required, i.e. the subpoena. See General Statutes § 52-143; see also 81 Am. Jur. 2d, Witnesses § 9. Although Ullman went to Gant's apartment to serve him with a subpoena, no claim is made that the subpoena was validly served on Gant, the absent witness. Rather, because Gant was not at his apartment, the subpoena was left with Mrs. Gant. Other than leaving instructions for Gant to call, and, upon later receiving Gant's call, directing Gant to appear at the public defender's office that afternoon or on the next day, nothing further was done to attempt to obtain service on him or to assure his attendance in court. Gant was in Bridgeport, the trial was taking place in Bridgeport. Had Gant actually been served, either on the initial attempt or thereafter, and refused to appear, the court, upon proof of service, had authority to issue a capias for him. See General Statutes § 52-143; *DiPalma* v. *Wiesen,* 163 Conn. 293, 298, 303 A.2d 709 (1972). There is no indication that a continuance was requested for the purpose of exhausting reasonable efforts to find him. Mrs. Gant did tell the investigator that Gant had just left and was expected back. There is no indication that the defense requested that either the court or the state aid it in attempting to produce Gant. See *United States ex rel. Hunter* v. *Patterson,* 374 F. Sup. 608, 610 (S.D.N.Y. 1974). A defendant must exercise a reasonably diligent attempt to serve an absent witness where he has

484

access to proper process. See *United States ex rel. Hunter* v. *Patterson,* supra, 611; *State* v. *Carr,* 67 S.D. 481, 294 N.W. 174 (1940); see generally 22A C.J.S., Criminal Law § 503(b). We conclude that Gant was not unavailable as a witness because the defendant has not demonstrated that he was unable to procure Gant's attendance at the trial by process or other reasonable means.

There is no error.

In this opinion the other judges concurred.