STATE OF CONNECTICUT *v.* CLINTON SAVAGE
(11964)

LAVERY, FREEDMAN and SCHALLER, Js.

Argued October 26, 1993—decision released April 26, 1994

*Gregory T. D'Auria,* special public defender, for the appellant (defendant).

*Leah Hawley,* assistant state's attorney, with whom, on the brief, were *John Connelly,* state's attorney, and *Eva Lenczewski,* assistant state's attorney, for the appellee (state).

SCHALLER, J. The defendant, Clinton Savage, appeals from the judgment of conviction, rendered after a jury trial, for sale of narcotics in violation of General Statutes § 21a-277.[1] The defendant presents the following issues on appeal: whether the trial court improperly (1) excluded the exculpatory statement offered by the defendant as a declaration against the declarant's penal interest, (2) admitted evidence under

---

[1] General Statutes § 21a-277 provides in pertinent part: "(a) Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance other than marijuana, or a narcotic substance, except as authorized in this chapter, for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than fifty thousand dollars or be both fined and imprisoned; and for a second offense shall be imprisoned not more than thirty years and may be fined not more than one hundred thousand dollars, or be both fined and imprisoned; and for each subsequent offense, shall be imprisoned not more than thirty years and may be fined not more than two hundred fifty thousand dollars, or be both fined and imprisoned. . . ."

a consciousness of guilt theory, and (3) failed to grant the defendant's motion for a new trial. Because we find that the resolution of the first issue is dispositive of this appeal, we need not address the second and third claims.

The jury reasonably could have found the following facts. On January 21, 1992, the tactical narcotics team of the Waterbury police department conducted surveillance on North Main and Elizabeth Streets in Waterbury. At about noon, Detective Nicholas DeMatteis began to observe the area from the fourth floor of an old manufacturing building. Shortly thereafter, DeMatteis saw the defendant walking back and forth near Hurdle's Package Store. Thomas Hickson eventually approached the defendant and the two men briefly conversed. Hickson then gave the defendant money, and the defendant gave Hickson a small object, which Hickson then placed in his right glove. On the basis of his training and experience, DeMatteis believed that the men were engaged in the sale of drugs.

DeMatteis then radioed his fellow team members with a description of both individuals. Sergeant Michael Ricci and Officer Edward Daponte stopped Hickson and searched him. They found a glassine packet containing a white powder in Hickson's right glove. This substance later tested positive for heroin. After arresting Hickson, Ricci and Daponte then arrested the defendant.

Ricci and Daponte transported Hickson and the defendant to police headquarters. The officers conducted a strip search of the defendant, in which they instructed him to remove each article of his clothing. Ricci and Daponte examined the articles and found $56 in the defendant's pants pocket. Ricci also testified that when the defendant removed his left sock, the defendant grabbed four or five glassine packets from the sock.

These packets were held together by a rubber band and contained a white substance. Ricci and Daponte briefly struggled with the defendant, attempting to retrieve the packets, but the defendant swallowed them. The packets were not recovered.

I

The defendant contends that the trial court improperly excluded testimony offered under the declaration against penal interest exception to the hearsay rule. The following additional facts are necessary for a discussion of this claim. At trial, the defendant attempted to present a statement made by Hickson through the testimony of Leonard Williams, who had investigated the case for the public defender's office. Hickson was not present at trial, as Williams was unsuccessful in three attempts to serve Hickson with a subpoena at his place of residence. The trial court assumed Hickson's unavailability, and addressed the merits of the defendant's claim that a statement by Hickson should be admissible under the declaration against penal interest exception to the hearsay rule.

Williams testified before the jury that he met with Hickson five weeks after the alleged incident. Williams had explained to Hickson that he was investigating the alleged incident on behalf of the defendant. At this point, defense counsel stated that she intended to offer Hickson's statements through the witness under the declaration against penal interest exception to the hearsay rule. In the absence of the jury, the defendant made the following offer of proof regarding the statement:

"[Defense Counsel]: On February 28 when Mr. Williams met with Mr. Hickson, he indicated to Mr. Williams that he did have a brief encounter with [the defendant] on that day, that he asked Mr. Hickson if he could have a cigarette. Mr. Hickson didn't have a cigarette but [he had] two dimes and a nickel. The

defendant then asked Mr. Hickson for the twenty-five cents. Mr. Hickson then gave the defendant two dimes and a nickel. Mr. Hickson dropped the nickel as he was giving it to the defendant. *Mr. Hickson admits that he did have one bag of heroin on him but it was purchased not by or from Mr. Clinton Savage, that he had it on him.*" (Emphasis added.)

Noting the defendant's interest in the portion of the declarant's statement that the narcotics were not purchased by or from the defendant, the court ruled as follows: "While it may be said that Mr. Hickson's admission that he had what he knew to be narcotics or a narcotic substance on his person, well, that may be said to affect him adversely. Certainly his gratuitous comment that he did not acquire those from the defendant . . . has no bearing whatsoever on his own penal well-being. . . ." We agree with the defendant that the trial court improperly failed to characterize the proffered declaration as a statement against Hickson's penal interest.

In *State* v. *DeFreitas,* 179 Conn. 431, 450–51, 426 A.2d 799 (1980), our Supreme Court adopted a rule, "consistent with *Chambers* v. *Mississippi,* [410 U.S. 284, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973)], and in accord with rule 804 (b) (3)[2] of the Federal Rules of Evidence, which provides that trustworthy third party statements against penal interest which are exculpa-

---

[2] Rule 804 of the Federal Rules of Evidence provides in pertinent part: "(b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness . . . . (3) Statement against interest. A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement. . . ."

tory to the defendant, are admissible if the declarant is unavailable."[3] (Internal quotation marks omitted.) *State* v. *Payne,* 219 Conn. 93, 114, 591 A.2d 1246 (1991); *State* v. *Rosado,* 218 Conn. 239, 243–44, 588 A.2d 1066 (1991); *State* v. *Mayette,* 204 Conn. 571, 576, 529 A.2d 673 (1987); *State* v. *Bryant,* 202 Conn. 676, 692, 523 A.2d 451 (1987); see also *State* v. *Frye,* 182 Conn. 476, 479, 438 A.2d 735 (1980); *State* v. *Gold,* 180 Conn. 619, 630, 430 A.2d 501, cert. denied, 449 U.S. 920, 101 S. Ct. 320, 66 L. Ed. 2d 148 (1980).

"The determination [of] whether a third party declaration against penal interest is trustworthy lies in the sound discretion of the trial court. *State* v. *DeFreitas,* supra, [179 Conn. 452] . . . ." *State* v. *Bryant,* supra, 202 Conn. 694.[4] The threshold determination of whether a statement is actually against the declarant's penal interest, however, is a matter of law. *United States* v. *Bagley,* 537 F.2d 162, 165–66 (5th Cir. 1976), cert. denied, 429

---

[3] We note that, in making a statement that exculpates the accused, the declarant need not inculpate himself for the same crime for which the accused has been charged. "Thus, in [*United States*] v. *Bagley,* 537 F.2d 162 ([5th Cir.] 1976), cert. denied, 429 U.S. 1075, 97 S. Ct. 816, 50 L. Ed. 2d 794 (1977), we held to be against penal interest a statement that the declarant had given the accused a package of heroin instead of a package of Valium. Although the statement did not confess to the crime charged against the accused (possession with intent to distribute heroin), the statement implied the declarant's guilt of a felony, knowing possession of heroin." *United States* v. *Thomas,* 571 F.2d 285, 288 (5th Cir. 1978). Similarly, we also note that in making an exculpatory statement, the innocence of the accused need not "itself be prejudicial to the declarant." *United States* v. *Barrett,* 539 F.2d 244, 252 (1st Cir. 1976). In that case, the court determined admissible pursuant to rule 804 (b) (3) the part of the declarant's statement that exculpated the accused and inculpated another person.

[4] There is a four part test to determine trustworthiness: "(1) the time the declaration is made and the party to whom it is made; (2) the existence of corroborating evidence; (3) the extent to which the statement is really against the declarant's penal interest; and (4) the availability of the declarant as a witness." *State* v. *Mayette,* supra, 204 Conn. 577; *State* v. *Bryant,* supra, 202 Conn. 693; *State* v. *Gold,* supra, 180 Conn. 633; *State* v. *DeFreitas,* supra, 179 Conn. 451.

U.S. 1075, 97 S. Ct. 816, 50 L. Ed. 2d 794 (1977); see also *United States* v. *Brainard,* 690 F.2d 1117, 1124 (D.C. Cir. 1982), cert. denied, 471 U.S. 1099, 105 S. Ct. 2320, 85 L. Ed. 2d 839 (1985) (whether statement is against penal interest is threshold inquiry); *United States* v. *Barrett,* 539 F.2d 244, 251 (1st Cir. 1976) (rule 804 [b] [3] requires two step analysis—whether statement is against penal interest is first step, trustworthiness is second step). In adopting the substance and rationale of rule 804 (b) (3), the Supreme Court "reject[ed] a narrow and inflexible definition of a statement against penal interest in favor of a definition which includes not only confessions, but other remarks which would tend to incriminate the declarant . . . ." *State* v. *Bryant,* supra, 695, quoting *State* v. *Gold,* supra, 642. Further, "[t]he 'against interest' exception is not limited to a defendant's direct confession of guilt. See, e.g., *United States* v. *Alvarez,* 584 F.2d 694, 699–700 (5th Cir. 1978); *United States* v. *Barrett,* [supra, 251]; *Commonwealth* v. *Keizer,* 377 Mass. 264, 270, 385 N.E.2d 1001 (1979)."[5] *State* v. *Bryant,* supra, 695.

[5] Courts have admitted portions of several statements by unavailable declarants that extend beyond a mere admission of guilt. The United States Court of Appeals for the First Circuit held that the statement of the declarant, after he had implicated himself in a crime, that "Bucky [the accused] wasn't involved. It was Buzzy" was admissible as a declaration against penal interest. *United States* v. *Barrett,* supra, 539 F.2d 252–53. Similarly, in a trial for robbery, the defense made an offer of proof regarding an unavailable declarant's statement that "he had been involved in the Merit Gas Station armed robbery with two other people, *neither of which was Stephen Keizer* [the accused]." *Commonwealth* v. *Keizer,* supra, 377 Mass. 270 n.7. The court ruled that although the part of the statement exculpating Keizer was not so much against the declarant's interest, the declaration satisfied the standards of rule 804 (b) (3). Id., 270. In *United States* v. *Alvarez,* supra, 584 F.2d 699–700, the court allowed into evidence part of the statement of a middleman in a drug trafficking scheme that "the heroin was Gilberto Alvarez' [the accused]," as the statement implied the declarant's personal participation in the crime. In *United States* v. *Thomas,* 571 F.2d 285, 288 (5th Cir. 1978), the court determined the statement of the declarant that "they ought to let Rowland Thomas [the accused] go, he didn't have anything to do with it," to be against the declarant's penal interest.

Rule 804 (b) (3) applies "as well to statements that 'tend' to subject the speaker to criminal liability. *United States* v. *Palumbo,* 639 F.2d 123, 127–28 (3d Cir.), cert. denied, 454 U.S. 819, 102 S. Ct. 100, 70 L. Ed. 2d 90 (1981); *United States* v. *Alvarez,* supra, [584 F.2d 700]. . . . Considered in context, the term 'tend' in rule 804 (b) (3) reaches . . . as 'against interest' [those] remarks that strengthen the impression that the declarant had an insider's knowledge of the crimes. *United States* v. *Palumbo,* supra, 132 [Adams, J., concurring]; *United States* v. *Alvarez,* supra [700]; *United States* v. *Barrett,* supra, [539 F.2d 252]." *State* v. *Bryant,* supra, 202 Conn. 695. In *Bryant,* the statement at issue included both disserving and self-serving aspects,[6] and the court determined that "[o]ur view is that where the disserving parts of a statement are intertwined with self-serving parts, it is more prudential to admit the entire statement and let the trier of fact assess its evidentiary quality in the complete context. See 2 F. Wharton, Criminal Evidence (14th Ed. 1986) § 295." Id., 696–97.

In this case, the statement may be said to incorporate disserving and contextual components, rather than disserving and self-serving components. Under these circumstances, the analysis of our Supreme Court in *Bryant* suggests that it is more prudent to characterize the entire statement as a declaration against penal interest, to allow the jury to examine the statement in its context and to assign the proper weight to the

---

[6] In *Bryant,* a jury had found the defendant guilty of sexual assault, burglary, and unlawful restraint. *State* v. *Bryant,* supra, 202 Conn. 677. The defendant had tried to introduce the statement of the declarant that he had broken into a house and that a woman "was laying there [and that he] could have raped her." Id., 691. By admitting the burglary, but not the sexual assault, the declarant made a statement with both disserving (admission of burglary) and self-serving (no admission of sexual assault) components.

evidence.[7] Id. Applying the broad definition of a statement against penal interest, as set forth in both federal and Connecticut cases, we conclude that the declarant's entire statement that "he did have one bag of heroin on him but it was purchased not by or from Mr. Clinton Savage, that he had it on him," was a statement against his penal interest.

Although characterized by the trial court as gratuitous, the portion of the statement exculpating the defendant, in the context of the entire statement, does tend to incriminate the declarant by suggesting the declarant's involvement in the possession of the heroin.[8] The contested portion of the statement provides context for the rest of the statement. The trial court, therefore, improperly failed to characterize the statement as a declaration against penal interest, and, as a result, failed to determine whether the statement met the criteria of trustworthiness necessary for admission as a declaration against penal interest offered to exculpate the defendant.

II

Before we can remand this case for a new trial, however, we must determine whether the failure of the trial court to characterize the statement as a declaration against penal interest amounts to harmless error. The

[7] In this case, where the statement is offered to exculpate the defendant, the statement could be presented to the jury only after the trial court determines that the declarant is unavailable and that the statement is "trustworthy." See footnote 4. The trial court did not make a determination of trustworthiness. Our Supreme Court had noted that in a rare situation an appellate court could make a determination of the trustworthiness of a statement. *State* v. *DeFreitas,* supra, 179 Conn. 453. For purposes of our analysis and in order to reach the dispositive issue in this appeal, we will assume that the statement satisfies the trustworthiness criteria.

[8] For example, in context, the statement suggests that although the declarant did not obtain the heroin from the defendant, the declarant had knowledge at a time prior to his arrest that he had heroin, rather than some other substance.

trial court's improper ruling that Hickson's statement was not a declaration against penal interest does not implicate a constitutional right.[9] " 'Because the defendant's claim does not involve the violation of a constitutional right, the burden rests upon him to demonstrate the harmfulness of the court's error.' *State* v. *Cooper,* 182 Conn. 207, 212, 438 A.2d 418 (1980); *Chapman* v. *California,* 386 U.S. 18, 24, 26, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967). To demonstrate harmfulness, the defendant must show that it is more probable than not that the court's action affected the result of his trial. *State* v. *Payne,* 219 Conn. 93, 102–103, 591 A.2d 1246 (1991); *State* v. *Vilalastra,* 207 Conn. 35, 47, 540 A.2d 42 (1988); *State* v. *Jones,* 205 Conn. 723, 732, 535 A.2d 808 (1988)." *State* v. *Pinnock,* 220 Conn. 765, 786, 601 A.2d 521 (1992).

We cannot conclude that the failure to admit the statement was harmless. The following additional facts are necessary for a review of this issue. In the defense case, Douglas Jackson, who was standing with the defendant at the time of the alleged transaction, and the defendant presented the following: When Hickson approached the defendant, the defendant asked Hickson for a cigarette. Hickson did not have a cigarette, but gave the defendant some change with which the defendant could buy some loose cigarettes. During the exchange of money, some change dropped and both the defendant and Hickson bent over to retrieve it. Hickson then left the scene. In the context of the other evidence presented at trial, the introduction of the statement made by Hickson, an individual present during the alleged transaction, would provide further support for the defendant's explanation of the events.

[9] We note that while the defendant argues that the failure to *admit* the statement is a violation of his constitutional rights, we are reviewing only whether the trial court improperly ruled that Hickson's statement was not against his penal interest. This ruling alone does not implicate the defendant's constitutional rights.

In addition, the evidence presented by the prosecution was not overwhelming. The prosecution's prime witness, DeMatteis, observed the alleged transaction from a fourth floor window. Although drugs were found on Hickson, no drugs were found on the defendant, as the police failed to order tests to determine if the items that the defendant allegedly swallowed during the strip search actually contained narcotic substances. We conclude that the trial court's action in determining that Hickson's statement was not a statement against his penal interest more probably than not affected the result of the defendant's trial. As a result, we reverse the judgment and remand for a new trial.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.