[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brought these petitions for a writ of habeas corpus alleging that his criminal trial attorney, Joseph Elder, was ineffective in that (1) he failed to object to the competency of the State's witness at the time of her deposition; (2) he failed to object to the unsworn interpreter at her deposition; and (3) he failed to request a videotape of the deposition. The petitions were consolidated for trial by agreement of the parties on January 27, 1997, having the identical petitions in both files. At the time of trial the petitioner was granted leave to file a supplemental amended petition which raised further claims of ineffectiveness of counsel in that he failed to attend and object to the granting of the motion for deposition and at the deposition failed to object to the deposition. After trial, in his brief, he has withdrawn his claims of an alleged unsworn interpreter at the deposition and failure to request a videotape of the deposition as unsupported by the facts and the law.
His criminal trial arose from an arrest for possession of narcotics with the intent to sell and using a person under the age of 18 years of age in violation of the same. After a jury trial on various criminal counts arising from that arrest, he was convicted on all counts.
The minor involved in the alleged crime was the granddaughter, aged thirteen, of the petitioner's wife. She had come to her grandmother from her parents who had remained in Puerto Rico where she had been born and lived. She was being held in juvenile detention by the Juvenile Court awaiting return to Puerto Rico. Because of her imminent return to Puerto Rico the State moved the Court to allow a deposition of her under the provisions of P.B. 791(3).
Attorney Elder testified that he remembered the case but didn't have much recall of its details. His memory was refreshed that he did participate in the deposition and had asked general psychiatric background questions of the girl. See Petitioner'sExhibit 2. He likewise recalled from the transcript of the trialPetitioner's Exhibits 1A and 1B, that he did object to the use of the deposition at trial. See Petitioner's Exhibit 1A. pgs. 49-53
and Petitioner's Exhibit 1B. pgs. 258-307. He also recalled that the petitioner's co-defendant, George Escobar, with his attorney, Susan Brown, was present at the deposition of the minor girl.
The petitioner testified that he was represented by Mr. Elder in his criminal trial and that the minor involved was the CT Page 387 granddaughter of his wife. The minor was running away from her parents and was living with him and his wife. He told his attorney that she was receiving some kind of counseling because he took her there several Wednesdays. He recalled the deposition of the minor.
 I
Counsel must make decisions on an informed basis. Siemon v.Stoughton, 184 Conn. 547, 557. Obviously as discussed in Part II, the court would grant a motion to depose the minor. But much would be learned. Whether or not the minor would participate in the deposition, whether she was incompetent, whether her testimony would be favorable to his client or not, all of which information would be difficult for him to obtain without an attempt at a deposition. He did learn that she would testify, wasn't completely truthful, was not fond of the petitioner, was not presently under medical care but had a "long time ago" while at her grandmother's, taken pills for nerves and an infection received from the petitioner, and appeared from her answers to be competent to testify. The threshold question to be answered by the court as to competency is whether the testimony of that witness is minimally credible. State v. Weinberg, 215 Conn. 231,243.
 II
The standard of proof required by the moving party for a deposition of a prospective witness in a criminal case under P.B. 791(3) is that the prospective witness will more likely than not be unavailable at the time of trial. State v. Zaporta,237 Conn. 58, 67. Given the circumstances present for the State's request, it would be very unlikely that the court would deny the motion. The thirteen year old, whose family shelter was most unstable before the arrest, appeared to be even more uncertain in the manner disclosed in her return to Puerto Rico. All that was known or disclosed is that she had an airline ticket to Puerto Rico. As Mr. Elder testified, he didn't really want to object to the deposition because there was information he wished to elicit from the minor.
At the trial, Mr. Elder vigorously objected to the offer of the deposition on grounds that the State did not exercise a reasonably diligent attempt to serve the absent minor. State v.Frye, 182 Conn. 476, 483., See Petitioner's Exhibits 1A. pgs.CT Page 38849-53 and 1B. pgs. 258-307.
 III
The petitioner has failed to show that counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352, 357. Even if petitioner had been able to do so, a successful petitioner must show that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v. Commissioner, 234 Conn. 139 (1995).Strickland v. Washington, 466 U.S. 668, 694. The testimony of the two detectives, Robert Kardys and Kurt Wolf, without the deposition of the minor girl, would have been sufficient. They had observed the petitioner and Escobar for 20 to 30 minutes making what appeared to be 7 to 12 drug transactions as one or the other would cross the street with the customer to a Chevy Nova. The officers then went to the two and made arrests and crossed then to the car where they found a young female Hispanic, aged 13 or 14, 13 sealed packets of a substance identified by Dr. Milzoff, as a mixture of heroin and cocaine along with $682. Det. Wolf identified the sealed packets of substance as street narcotics which would sell for $10 to $20 each.
For the above reasons the court denies the petitions.
Corrigan, JTR